## WILLIAM E. LEVERICH *v.* MRS. CLEMENCE TOBY.

In a petitory action, where a mortgage creditor is not a party to the record, no judgment can be rendered in his favor which would be binding on the defendant in the suit.

Property mortgaged, while held by a simulated sale, must be subject to the mortgages as to the true owners. *Preston*, J.

The sheriff, on a mortgage debt against A, seized under execution the mortgage property which was in the possession of B, to which B claimed title, and for which a suit was then pending between A and B. *Held:* That the purchaser at the sheriff's sale acquired, not the property, but the rights of A to it. The plaintiff should have proceeded against it by hypothecary action, and could only have had it sold after the demand and other proceedings necessary to render property, in the possession of, and claimed by a third person, liable for a mortgage given by another. *Preston*, J.

APPEAL from the District Court of the Parish of Jefferson, *Clarke*, J. *Benjamin* and *Micou*, for plaintiff. *Ogden* and *Duncan*, for defendant. By the court: *(Slidell*, J., absent.)

PRESTON, J. On the 2d of November, 1838, *Henry Lockett* purports to have purchased from *William McCawley* a portion of ground in the city of Lafayette.

On the 2d of March, 1842, he mortgaged it to the Merchants' Insurance Company of New Orleans, for five thousand dollars.

They sued and obtained judgment against *Lockett*, for a portion of the loan. He paid the judgment with subrogation, and, on the 30th of January, 1850, issued a *pluries fieri facias* against the property, caused it to be sold, and *Leverich* became the purchaser. He found *Mrs. Toby* in possession of the property, and, on the 9th of May, 1850, brought this suit to recover it. The suit was dismissed on the peremptory exception, founded on law, of *litis pendentis*.

The exception was founded on the following facts. Notwithstanding the purchase in *Lockett's* name, *Thomas Toby* and family had always been in possession of the property, and greatly improved it by buildings, and gardens, and shrubbery. After *Toby's* death, *Lockett* attempted, by a suit before a justice of the peace, to disposses *Mrs. Toby*, his widow. She enjoined the proceedings for that purpose, adjudging the property to be hers.

It was then agreed between them, that an answer should be filed by *Lockett*, amounting to a petitory action for the property, it being admitted that *Mrs. Toby* was in possession. This agreement was made the 12th of January, 1850, and the answer, by *Lockett*, claiming title to the property, was filed the same day.

The purchase of, and suit by, *Leverich*, for the property, was under an execution subsequently issued.

As *Leverich* never was made a party to the suit between *Mrs. Toby* and *Lockett*, we thought he might have rights which did not belong to *Lockett*, and therefore, that the suit between the latter and *Mrs. Toby* could not be considered as a suit pending between her and *Leverich*.

We reversed the judgment sustaining the exception, and remanded the cause for further proceedings, on the whole merits. In doing so, we expressed the

most decided opinion, that the property was bound by the mortgage given by *Lockett* to the insurance company in 1842, unless a combination between *Lockett* and the company, or *Leverich* and *Lockett*, to defraud *Mrs. Toby*, could be shown. She has failed entirely to show any such combination. The knowledge of a deceased brother of *Mr. Leverich*, who was a director of the company, that the property was not *Lockett's*, is not the knowledge of the company. Besides, as suggested in our former opinion, we are not satisfied that *Lockett* had not authority to mortgage. Upon the whole, we find nothing in the evidence in this case sufficient to take it out of the uniform course of decisions by this court, that property, mortgaged while held by a simulated sale, must be subject to the mortgage as to the true owners.

When the case was last before us, however, we expressed our dissatisfaction with the proceedings of the sheriff, in selling, under an execution against *Lockett*, property in possession of *Mrs. Toby*, to which she claimed title, and for which a suit by *Lockett*, against her, was pending. He could not legally seize, take and deliver possession of the property to *Leverich*, as this suit shows, even if parol proof on the subject might be excluded; and, *Leverich* said, in purchasing, that he was buying a lawsuit. Under the circumstances, we are of opinion that *Leverich* acquired only the rights of *Lockett* to the property. The suit between him and *Mrs. Toby* was continued and decided in her favor. The judgment on appeal to this court, was affirmed and the property decreed to belong to *Mrs. Toby*. *Leverich* might have intervened, and prosecuted the suit more successfully; but he did not. He therefore acquired nothing by the sale. The suit establishes, that the property belonged to her, and was in her possession at the time the execution was issued against *Lockett*, by virtue of which it was sold. It was, then, property subject to the mortgage given by *Lockett*, but in possession of a third person, who, *bonâ fide*, claimed it as owner.

The plaintiff should therefore have proceeded against it by the hypothecary action, and could only have had it sold after the demand and other proceedings necessary to render property in the possession of and claimed by a third person, liable for a mortgage given by another.

There is a circumstance, alluded to in our former opinion, which has given us some difficulty. *Mrs. Toby* made herself a party to the execution by the insurance company against the property, and opposed it, on the ground that she was owner. The opposition was fixed for trial, and she failing to appear, a nonsuit was entered upon it. She took a rule, however, to set aside the nonsuit, and have her opposition tried upon the merits; which, so far as the record shows, is still pending. On the whole, therefore, we think this matter should not prejudice her rights.

The judgment of the district court in this case is against *Leverich*, and in favor of *Mrs. Toby*. Upon strict principles of law, it might be affirmed, as he acquired no title to the property as to her. But we will settle this protracted and unfortunate litigation, like all which grow out of similar circumstances, as far as the record enables us.

It appears by the records before us, that two of the steps in a hypothecary action have been taken, as to the property in the possession of a third person, subject to a mortgage given by another person. Judgment has been rendered against the mortgagor; demand, even by execution, made of payment, more than thirty days: and the mortgage has not been satisfied. The next step is, to make demand of the possessor of the property, for ten days, and then to sell the

property to satisfy the mortgage, if not satisfied in the meantime by the third possessor of the mortgaged property.

I think we should decree, that the property is subject to the mortgage of *Henry Lockett*, in favor of the Merchants' Insurance Company of New Orleans, to the amount of three thousand five hundred dollars, with eight per cent interest from the 17th of March, 1847, until paid, three dollars, costs of protest, and costs of their suit; that demand has been made of *Henry Lockett*, the mortgagor, for more than thirty days, as appears by the returns of executions against him; that *Mrs. Toby* is bound to pay the debt or surrender the property, to be sold. I think, therefore, it should be decreed, that if *Mrs. Toby* does not pay the amount of her debt, with interest and costs, within ten days after notification of this decree, that the property mortgaged, to wit, eight lots of ground, with the buildings and improvements thereon, situated in the Fourth District of New Orleans, in the square designated No. 91, on a plan drawn by Benjamin Buisson, Surveyor, dated the 5th of March, 1832, deposited in the office, then, of Felix Grima, notary public, measuring each 53 feet 6 inches on First street, by 182 feet 6 inches in depth, being in the square designated as 164 on the city plan, bounded by Prytania street, First and Plaquemines streets, and the boundary line of Livaudais, be sold by the sheriff, according to law, and the amount of the debt, interest and costs, be paid out of the proceeds.

ROST, J. I agree with Mr. Justice Preston in relation to the facts of this case; but I do not see how we can do anything more than affirm the judgment. This is purely a petitory action. The defendant sets up title, and avers the nullity of the title of the plaintiff. The district judge determined, that she had made out her case, and we all concur in that opinion. The judgment, therefore, must be affirmed.

The creditor, who holds the mortgage, is not a party to the record, and no judgment rendered in his favor would be binding upon the defendant. He has the right to proceed by the hypothecary action, for the amount stated in Mr. Justice Preston's opinion; but we cannot give him a judgment before he demands it.

Judgment affirmed, with costs.

EUSTIS, C. J. I concur with Rost, J.